FILED
2022 Jan-10  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**UNITED STATES OF AMERICA,**

**v.**

**ANTHONY CORNELIUS FOSTER,**
   **Defendant.**

**Case No.: 4:20-cr-29-CLM-JHE**

## ORDER

Defendant Anthony Cornelius Foster, who is representing himself, has challenged the court's jurisdiction over his six-count indictment. *See* Docs. 36 & 38. The magistrate judge has entered a report, recommending that the court deny Foster's motion. *See* Doc. 53. Foster objects to the recommendation. Doc. 56.

Though Foster's original motions assert that this court lacks jurisdiction over him because he is of Moorish nationality, his objections contend that the court lacks jurisdiction because Congress only has power to criminalize acts that occur on federal land. So Foster's objections are unresponsive to the report and recommendation, which correctly found that this court has jurisdiction over those who assert Moorish nationality. *See United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders. Even if James were not a citizen of the United States (though he is, having been born here), he would be obliged to respect the laws of this nation.").

Foster's new jurisdictional challenge also lacks merit. According to Foster, the Tenth Amendment's delegation of police power to the States means that the federal government doesn't have jurisdiction over crimes that occur in Alabama. But "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the law of the United States." 18 U.S.C. § 3231. And the indictment charges Foster with violations of federal law (specifically, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 924(c)(1)(A), 18 U.S.C. § 922(g)(1)).

Binding precedent forecloses any argument Foster may be making that Congress didn't have the power to enact these laws. *See Gonzales v. Raich*, 545 U.S. 1 (2005) (Commerce Clause gave Congress power to enact 21 U.S.C. § 841); *United States v. Ferreira*, 275 F.3d 1020, 1028 (11th Cir. 2001) (Commerce Clause gave Congress power to enact 18 U.S.C. § 924(c)); *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011) ("Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause."). In any event, even if Congress somehow lacked power to forbid the conduct alleged in Foster's indictment, this court would still have subject matter jurisdiction over this case. *United States v. Grimon*, 923 F.3d 1302, 1305–07 (11th Cir. 2019). So the court **OVERRULES** Foster's objections to the magistrate judge's recommendation that the court deny his motions challenging this court's jurisdiction over this case.

Towards the end of his objections, Foster objects to the magistrate judge's characterization that he's representing himself pro se and finding that he's competent to stand trial. According to Foster, he isn't representing himself "pro se." Instead, he's appearing "in propia persona." But the phrases "pro se" and "in propia persona" are both Latin terms that refer to a person representing himself without an attorney. So the court **OVERRULES** the objections to the magistrate judge's characterization of Foster as proceeding pro se. If Foster has reconsidered his decision to represent himself, the court strongly encourages Foster to let the court know so that the court may appoint an attorney to represent him.

As for his challenge to the magistrate judge's finding of competency, Foster states, "I was already granted the constitutional right to [re]present myself before being thought to be suffering from [p]sychotic episode and let the transcript show that no attorney was assigned to me by anyone. I never participated in any evaluation nor was there any attorney present. So now my question is by who's finding was I found competent." Doc. 56 at 14. This is false. At the magistrate judge's request, a BOP psychiatrist conducted a mental evaluation of Foster. Docs. 26 & 30. And the magistrate judge then held a competency hearing during which the Federal Public Defender represented Foster. After the hearing, the magistrate judge found Foster competent and then granted his request to represent himself. Doc. 33.

But because Foster seems to be challenging his competency, the court will—to be safe—**REFER** the competency issue back to the magistrate judge to determine if the court needs to reevaluate Foster's competency to stand trial.

\* \* \*

To sum up, having considered the case file, the court **OVERRULES** Foster's objections, **ADOPTS** the report of the magistrate judge, and **ACCEPTS** his recommendation. So the court **DENIES** Foster's motions challenging this court's subject matter jurisdiction over this case (docs. 36, 38). The court **REFERS** the issue of Foster's competency back to the magistrate judge for him to decide if the court needs to make a new competency determination.

The court **DIRECTS** the Clerk to send a copy of this order and the magistrate judge's order addressing competency (doc. 33) to Foster. Though Foster requests that the court also send him hearing transcripts, doc. 56 at 14, Foster doesn't explain which hearings he's referring to. So the court will not order the preparation of transcripts at government expense unless and until Foster files a motion that explains which specific transcripts he seeks. If Foster files a motion for transcripts, the court will refer that motion to the magistrate judge.

**DONE** and **ORDERED** on January 10, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE