FILED

2023 Apr-24  PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**UNITED STATES OF AMERICA,**

**v.**

**Case No.: 4:20-cr-29-CLM-JHE**

**ANTHONY CORNELIUS FOSTER,**
Defendant.

## ORDER

The magistrate judge has entered a report, recommending that the court deny Defendant Anthony Cornelius Foster's motion to compel (doc. 64), motions to suppress (docs. 45 & 65), and motion to dismiss the indictment (doc. 66). Foster has filed several objections to the R&R. (*See* Docs. 84, 85, 103). For the reasons explained within, the court **OVERRULES** Foster's objections, **ADOPTS** the magistrate judge's report, **ACCEPTS** his recommendation, and **DENIES** Foster's motions (docs. 45, 64, 65, 66).

—

Foster moves to compel eight categories of evidence that he says the Government has withheld from him. (Doc. 64). He also moves to suppress evidence and statements that resulted from a search of his barbershop at 2106 Rainbow Drive, arguing that there are defects with the search warrant and search warrant affidavit. (Docs. 45 & 65). Finally, Foster moves to dismiss the indictment as a sanction for the Government losing court papers that Foster had while in United States Marshals custody. (Doc. 66).

Foster doesn't object to the magistrate judge's recommendation that the court deny the motion to compel (doc. 64). And after reviewing the record de novo, the court agrees with the magistrate judge that the motion to compel should be denied because "there is no relief that can be provided to Foster as to any of the evidence in his motion to compel." (Doc. 81 at 9). The court addresses the recommendation as to the other two motions below.

1. <u>Credibility determinations</u>: A recurring theme of Foster's objections is that the magistrate judge erred in crediting the testimony of law enforcement witnesses at the suppression hearing over his testimony. The court sees no error in the magistrate judge's credibility determinations. The magistrate judge was the one who presided over the hearing, so the court will defer to who he thought was more credible. Plus, after reviewing the transcript of the hearing, the court finds that it would have made the same credibility determinations as the magistrate judge.

2. <u>CI's background</u>: Foster also objects to the magistrate judge's determination that no *Franks* hearing was warranted to determine whether Officer Gaskin failed to include material information in the search warrant affidavit because the affidavit didn't discuss the CI's criminal history and background. According to Foster, the magistrate judge impermissibly prohibited him from inquiring into the CI's criminal background at the evidentiary hearing, so the court should reopen the evidentiary hearing and allow him to present more evidence on this issue.

To be entitled to a *Franks* hearing, a defendant must make "a substantial preliminary showing that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to the finding of probable cause." *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006) (quotations omitted). "If when material that is subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009).

The court agrees with the magistrate judge that the CI's background and criminal history—no matter what it was—was not essential to a finding of probable cause. These facts might bear some on the CI's veracity. But as the magistrate judge pointed out, the officers weren't merely relying on the CI's say-so in their warrant affidavit. The CI had also recently completed a controlled drug buy from Foster that she recorded on an audio/video device. The affidavit explained to the judge that audio and video of the drug buy were available and that they searched the CI for contraband before the buy

and found none. The affidavit also explained that the CI returned to their meeting location with one clear bag of suspected heroin. This information, which corroborated the CI's story, supplied probable cause to search Foster's barbershop for drugs and drug-related paraphernalia.

3. <u>Search warrant discrepancies</u>: Foster next objects to the magistrate judge discrediting his testimony that the search warrant first provided to him wasn't signed by a judge, listed 4108 Rainbow Drive as the address to be searched, and was issued at a different time than the 6:30 pm time listed in the search warrant that the Government has produced. Again, the court will defer to the magistrate judge's credibility determinations. And the court agrees with the magistrate judge that Foster has presented no credible evidence that another version of the search warrant exists. As the magistrate judge noted, Gaskin's testimony that he obtained the search warrant from Judge Steen and executed the warrant as it appears in the record is consistent with the timeline that Foster accepts.

Even assuming Foster's testimony that the warrant was unsigned and listed a different address is accurate, the warrant wasn't necessarily invalid. The Eleventh Circuit has yet to address whether the good-faith exception to the exclusionary rule applies to evidence seized based on an unsigned warrant. But the circuits that have addressed this issue have found that the good-faith exception applies and that the evidence needn't be excluded. *See United States v. Gordon*, 686 F. App'x 702, 705 n.3 (11th Cir. 2017).

And the Eleventh Circuit has "upheld the validity of a warrant that included an incorrect address of the premises to be searched because the warrant also included a correct physical description of the premises and officers executing the warrant knew the correct location to be searched based on prior knowledge." *United States v. Graham*, 476 F. App'x 839, 841 (11th Cir. 2012). The warrant identifies Foster as the person who occupied the building to be searched and described the building as a barbershop. As the magistrate judge noted, there's no evidence that would suggest that the structure at 2108 Rainbow Drive could be confused for a barbershop. To be sure, Gaskin testified that he believed 2106 Rainbow Drive was Foster's business only because Foster told him it was his business during an interview following his arrest. But Gaskin later clarified that the CI had told him that

he'd bought drugs from Foster at the barbershop and that he had gotten complaints from people in the community about the barbershop. Based on this testimony and the warrant itself, the court finds that even if the warrant identified 2108 Rainbow Drive as the place to be searched, the warrant was a valid search warrant.

    4. <u>Lost evidence</u>: Foster also objects to the magistrate judge's recommendation that the court deny his motion to dismiss the indictment based on the Government's alleged loss of photos, copies of the 2108 Rainbow Drive warrant, and other legal paperwork. The Government's loss of evidence violates due process if the evidence has "an exculpatory value that was apparent before the evidence was destroyed" and is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *United States v. Revolorio-Ramo*, 468 F.3d 771, 774 (11th Cir. 2006). Failure to preserve only "potentially useful evidence" doesn't violate due process "unless a criminal defendant can show bad faith on the part of the police." *Id.* (quotations omitted).

    Foster asserts that he needn't show bad faith because the lost evidence, particularly the photos that allegedly show the arresting officers beat and sexually assaulted him, were clearly exculpatory. According to Foster, these photos would show that the officers were biased and not credible, so the jury could discredit the evidence and testimony that the officers presented. But as the magistrate judge points out, this evidence doesn't directly bear on Foster's guilt or innocence. So it wouldn't have been apparent that these photos were exculpatory. And the loss of the photos doesn't prevent Foster from arguing at trial that the jury should disbelieve the arresting officers because they beat and sexually assaulted him. Indeed, Foster can cross-examine the officers about the arrest and whether they used excessive force. Foster may also testify himself about what he alleges happened the night of the arrest. The photos would merely bolster this argument, not enable Foster to make an argument not otherwise available. As a result, the court agrees with the magistrate judge that the photos were only "potentially useful evidence" whose destruction would only violate due process if the Government acted in bad faith. The court also agrees with the magistrate judge's assessment of the alleged loss of the copies of a warrant for 2108 Rainbow Drive. Even assuming this warrant existed, it was only potentially

useful evidence. It wasn't clearly exculpatory. So the loss of this evidence would only warrant dismissal if the Government acted in bad faith.

As the magistrate judge thoroughly explained, the Government didn't act in bad faith when it inadvertently lost the court papers that were in the custody of the United States Marshals Service. None of the officials who handled Foster's papers knew anything about their contents other than that they were related to Foster's case. And the papers were lost only because the Marshals were attempting to reunite Foster with his paperwork and trusted that the United States Postal Service would safely deliver the papers to him. Though Foster repeatedly asserts that Ellis acted with gross negligence when she mailed these papers, the Eleventh Circuit has strongly suggested that gross negligence does not equal bad faith in this context. *See United States v. Gayle*, 608 F. App'x 783, 790 (11th Cir. 2015). Given her intent to reunite Foster with his evidence and the COVID-19 restrictions in place when she mailed the package, the court agrees with the magistrate judge that Ellis acted reasonably under the circumstances.

The court also agrees with the magistrate judge's determination that lesser sanctions than dismissal are not warranted here. As the magistrate judge noted, that the Government appears to have acted in good faith and that the loss of this evidence isn't unduly prejudicial shows that Foster's suggested sanctions aren't warranted.

5. Video equipment: In his objections, Foster also claims that Gaskin and other Etowah County officers destroyed video evidence of his arrest when they executed a second search warrant on Foster's barbershop. It's unclear if Foster alleges that the destruction of this equipment is a freestanding reason to dismiss the indictment or merely supports dismissal because it shows the importance of the photographs the Marshals lost. In any event, the Government denies that it secured audio/video from the VTEC and Blinky security systems. And Foster offered no evidence at the evidentiary hearing to support this claim. So the court overrules this objection.

6. Facts & Procedural History: Foster finally objects to the magistrate judge's recitation of some of the facts and procedural history. For example, Foster objects to the magistrate judge's statement that he requested two

postponements of the evidentiary hearing. Foster also objects to the magistrate judge's characterization of his allegations about the differences in the search warrant he says he received in state court and the search warrant produced in this case.

Foster's statement that he never requested a postponement of the evidentiary hearing is incorrect. (*See* Doc. 71). And though one of the two postponements was requested by the Government (*see* doc. 73), this fact doesn't affect the magistrate judge's ultimate recommendation. Plus, the court agrees with the magistrate judge that Foster's testimony about receiving a different version of the warrant isn't credible. So the court overrules Foster's objection that the warrant produced in this case is "a fake" or "forgery."

—

In summary, having reviewed de novo the entire record, including the magistrate judge's report and Foster's objections, the court **OVERRULES** Foster's objections, **ADOPTS** the magistrate judge's report, **ACCEPTS** his recommendation, and **DENIES** Foster's motions (docs. 45, 64, 65, 66).

The court **DIRECTS** the Clerk of Court to send a copy of this order to Foster at Anthony Cornelius Foster, Cullman County Detention Center, 1900 Beech Ave. SE., Cullman, AL 35055.

**Done** and **Ordered** on April 24, 2023.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE